

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1403
Re: Disposition of fees collected by
county tax collector under the pro-
visions of Section 57, House Bill
407, Acts Regular Session, 46th
Legislature.

By your letter of September 8th, you ask the opinion
of this department upon several questions relating to Sec-
tion 57 of House Bill 407, Acts of the 46th Legislature,
entitled, "Certificate of Title Act." Although three
questions are put by your letter, the basic inquiry is as
follows:

"What disposition should be made of the 10¢
fee which is paid the Tax Collector as Agent for
the State on each certificate of title issued by
the Department of Public Safety, under the provis-
ions of House Bill 407, Acts of the 46th Legisla-
ture, and particularly Section 57 thereof?"

You state that the argument has been made that this
is a specific duty placed upon the Tax Collector by statute,
and that as Agent of the State he is entitled to use such
funds as the statute has required to be paid to him as
such Agent as are necessary for compliance with the provi-
sions of the Act, including the hiring of such additional
help as might be necessary to properly collect the fee.

Section 57 of House Bill 407 reads as follows:

"Each applicant for a certificate of title
or reissuance thereof shall pay to the designated
agent the sum of 25¢ which shall be forwarded to
the Department together with the application for
certificate of title within twenty-four hours after
same has been received by him, and the Department
shall return to the designated agent each month

10¢ for each application to which a certificate
of title has been issued, and the balance shall
be paid over to the Treasurer of this State to
be credited to the General Revenue Fund of this
State."

House Bill 407 defines the term "designated agent" as
having reference to the Assessor and Collector of Taxes of
the particular county, and provides that he may act in such
matters through any of his regular deputies.

Article 3912e, Vernon's Revised Civil Statutes, provides
in part as follows:

"Section 1. No district officer shall be
paid by the State of Texas any fees or commissions
for any service performed by him; nor shall the
State or any county pay to any county officer in
any county containing a population of twenty thou-
sand (20,000) inhabitants or more according to
the last preceding Federal Census any fee or com-
mission for any service performed by him as such
officer; provided, however, that the Assessor and
Collector of Taxes shall continue to collect and
retain for the benefit of the Officers Salary Fund
or funds hereinafter provided for, all fees and
commissions which he is authorized under law to
collect; and it shall be his duty to account for
and to pay all such monies received by him into
the fund or funds created and provided for under
the provisions of this Act; ..."

Section 2 of such Article provides for the determina-
tion by the Commissioners' Court, in counties of less than
20,000 inhabitants, as to whether such precinct officers
and officers of the county shall be compensated on a sal-
ary basis.

Section 3 of such Article provides in part as follows:

"In all cases where the Commissioners' Court
shall have determined that county officers or pre-
cinct officers in such county shall be compensated
for their services by the payment of an annual
salary, neither the State of Texas nor any county
shall be charged with or pay to any of the officers

so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund created and provided for under the provisions of this Act; ..."

Section 6 of the Article provides in part as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. ..."

The effect of House Bill 407 of the 46th Legislature is to impose upon the office of Assessor and Collector of Taxes the duty of issuing certificates of title under the provisions of such Act. There is nothing in the Act which reflects the intention of the Legislature to amend in any particular the provisions of Article 3912e, and to provide that the Assessor and Collector of Taxes shall receive the 10¢ fee provided for by Section 57 of House Bill 407, in addition to the salary or compensation provided by law for the office of Assessor and Collector of Taxes. That House Bill 407 does not contemplate that the Assessor and Collector of Taxes shall use the 10¢ fee, personally, for hiring additional help is made the more apparent by the observation that House Bill 407 provides that he may act, in issuing such certificates of title, through his regular deputies.

Under the provisions of Article 3912e, above referred to, it is entirely clear that the Assessor and Collector

Hon. George H. Sheppard, Page 4

of Taxes is required to collect this 10¢ fee provided for
by House Bill 407 as one of the fees of office which, under
the fee system, he would have been permitted to retain,
and that as and when such fees are collected by him, he
shall deposit them in the Officers' Salary Fund, in accordance
with the terms and provisions of Article 3912e.

Yours very truly

APPROVED SEPT. 14, 1939          ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann
                                By
ATTORNEY GENERAL OF TEXAS
                                     /s/ R. W. Fairchild
                                          Assistant

RWF:pbp

APPROVED OPINION COMMITTEE BY BWO CHAIRMAN